*Powel Crosley*, for plaintiff in error.

*Pogue & Pogue*, for defendant in error.

---

## TAXABILITY OF VACANT LAND PURCHASED FOR CHARITABLE PURPOSES.

[Circuit Court of Cuyahoga County.]

YOUNG WOMEN'S CHRISTIAN ASSOCIATION v. ALBERT K. SPENCER, TREASURER OF CUYAHOGA COUNTY.

Decided, January 28, 1907.

*Taxation—Exemption from, of Property—Purchased for a Charitable Purpose—Section 2732.*

The rule that statutes exempting property from taxation should be strictly construed does not permit the exemption of a vacant lot, owned by a charitable organization and upon which it is proposed to erect a building to be used for charitable purposes, notwithstanding the funds wherewith the lot was purchased were exempt, and the lot, as well as the building, will be exempt as soon as a building has been erected.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Appeal by plaintiff.

In this appeal from the court of common pleas, the sole issue is one of law, to-wit, whether Subdivision 6, or any other

subdivision of Section 2732, Revised Statutes of Ohio, operates to exempt from taxation a certain vacant lot in the city of Cleveland, purchased by the plaintiff, out of moneys provided and to be used by it for acquiring a site and erecting thereon a building suited to the public charity which said association administers.

Said subdivision, so far as applicable, is as follows:

"All buildings belonging to institutions of purely public charity, * * * together with the land actually occupied by such institutions, * * * and all moneys and credits, appropriated solely to sustain and belonging exclusively to said institutions, * * *" shall be exempt from taxation.

It is argued here, on behalf of the plaintiff, that the moneys appropriated to the purposes aforesaid, were exempt, and the lands when occupied, and the buildings, when erected, by means of these moneys, will be exempt, and therefore it would be anomalous to hold that during the period of time between the expenditure of such money in the purchase of land and the actual occupancy of the land, with buildings or otherwise, for the charitable purposes contemplated, the particular form of property assumed by the fund as temporarily unoccupied land, should render it taxable.

It is admitted, however, that statutes exempting from taxation should be strictly construed, and, if we consider the frauds upon the public revenue which might result from exempting vacant property from taxation because of an intention existing only in the owner's mind in regard to the ultimate use and occupation of such land, for purposes of purely public charity, it is sufficient reason for refusing to relax the rule of strict construction in this case. Indeed, it would require a very liberal construction of the statute to extend the exemption to unoccupied and unused lands.

The provisions of the law are very explicit, and we can not assume that they mean more than such words ordinarily signify. The plaintiff's petition is therefore dismissed.

*M. B. & H. H. Johnson,* for plaintiff.

*C. W. Stage,* County Solicitor, for defendant.